[Civ. No. 2370.   First Appellate District.—May 6, 1918.]

LUIGI CROCE, as Administrator, etc., Plaintiff and Respondent, v. MARY BAZZURO, Defendant and Appellant; ANNA ROSE MARY BAZZURO (a Minor), Defendant and Respondent.

ACTION TO ENFORCE TRUST—STATUTE OF LIMITATIONS.—An action by the administrator of the estate of a deceased person to recover a sum of money from the defendants upon allegations that they received the money in trust for the heirs of the deceased upon a fire insurance policy is barred by the provisions of section 343 of the Code of Civil Procedure, requiring actions for relief not otherwise provided for to be commenced within four years, where the action was not commenced within four years when the defendants filed their answer in another action to have it declared that they held the insured property in trust, in which latter action they set up adverse possession.

ID.—DISTRIBUTION OF TRUST ESTATE TO HEIRS OF TRUSTEE—RUNNING OF STATUTE OF LIMITATIONS.—Where property held in trust is distributed to the heirs of the trustee, the heirs take as involuntary trustees, the statute of limitations to recover the property begins to run at the time of distribution, and no repudiation of the trust is necessary to set the statute in motion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

D. Freidenrich, for Appellant.

John J. Mazza, and W. E. White, for Respondent Croce.

Harold C. Reyman, for Respondent Anna Rose Mary Bazzuro.

BEASLY, J., *pro tem.*—This action was begun some time previous to the ninth day of October, 1914, by Luigi Croce, as administrator of the estate of Francesco Bazzuro, against Mary Bazzuro and Anna Rose Mary Bazzuro, a minor daughter of Mary, to recover $1,960 from the defendants upon allegations that they received this fund in trust for the heirs of the deceased Francesco upon a fire insurance policy for loss sustained by the destruction of a building in the fire of April 18, 1906, and also to recover five hundred dollars alleged to have been collected by the defendants as rents from the tenants of the building covered by the policy. The facts supporting the action were these: Francesco Bazzuro died intestate in 1879. At his death he held a mortgage upon a lot in San Francisco on which the building above mentioned was situated. His brother, Giuseppe Bazzuro, was appointed administrator of the estate and as such foreclosed this mortgage, bought in the property at the amount of the mortgage at a sale in the foreclosure proceedings, and obtained a sheriff's deed as administrator of his brother's estate in the year 1884. In that condition the matter rested until the death of Giuseppe, which occurred in 1904. A year after the death of Giuseppe, the plaintiff, Luigi Croce, was appointed administrator of the estate of Francesco to succeed Giuseppe, and he is still the administrator of that estate. The defendant Mary is the widow of Giuseppe, and Anna Rose Mary is the daughter of Giuseppe and Mary. Mary and Anna Rose Mary are the only heirs at law of Giuseppe. On the fifteenth day of July, 1905, a decree of distribution was entered in Giuseppe's estate by which all of the property vested in him at his death was distributed in equal shares to his widow and

child. On the tenth day of October, 1905, Mary caused the building on the property to be insured against fire in the sum of two thousand dollars. The policy was made payable to the estate of Giuseppe. About the 7th of November following, Mary caused the name of the insured in the policy to be changed from the "Estate of Giuseppe" to "Mrs. Mary Bazzuro." The building was totally destroyed by fire on April 18, 1906, and on the 7th of July succeeding, the defendants collected $1,960 upon the policy because of the loss. On the twenty-fifth day of September, 1913, in an action theretofore begun by the plaintiff and the defendants herein, the court made its decree that the real property distributed in the complaint was, at that time and had been from the month of October, 1904, held by the defendants in trust for the heirs at law of Francesco Bazzuro and required the defendants to convey the real property in trust for the said heirs and subject to administration of Francesco's estate. On the first day of November, 1913, a commissioner, appointed by the court in that action for the purpose, executed and delivered to plaintiff a deed pursuant to that decree, conveying to him, as administrator, the real property described in the complaint herein in trust for the heirs at law of Francesco and subject to administration of his estate. Before the destruction of the building Mary had collected five hundred dollars as rent from tenants thereof.

The insurance money and the rent were not mentioned nor prayed for in the action to recover the real property above referred to. The complaint alleged that the plaintiff had no knowledge, information, or belief that the building was insured or that the defendants had collected the insurance until about six months prior to the commencement of this action, and that thereafter plaintiff used all reasonable diligence in ascertaining the amount of insurance and when and from what company the same had been collected. Plaintiff did not obtain that information until the twenty-third day of January, 1915.

The plaintiff had judgment in the action for the insurance money and rent and interest thereon from the time the funds came into Mary's hands. Judgment was given in favor of Anna Rose Mary. From the judgment against herself the defendant Mary appeals.

The statute of limitations seems to us to be an insuperable obstacle to the affirmance of this judgment. The particular section of the statute depended upon is section 343 of the Code of Civil Procedure, which states that an action for relief, not provided for in the preceding sections of that code, must be commenced within four years after the cause of action shall have accrued. The cause of action here, certainly in any view, must be held to have accrued at the time of the filing of the answer of Mary Bazzuro in the case in which the land was recovered to the administrator of the estate of Francesco, for in her answer in that case she flatly repudiated any trust which it was claimed reposed in her on account of the facts hereinbefore recited. In that action the answer set up adverse possession by Giuseppe and by the defendants, Mary and her daughter, a position entirely inconsistent with the trust; for in that action the defendants, Mary and her daughter, claimed that the title was vested in them, which claim constituted a denial that they held the property in trust and also in effect a denial that the plaintiff was entitled to the property for the purposes of administration. This adverse claim set the statute in motion, even conceding that a repudiation of the trust was necessary to do so. However, no repudiation of this trust seems to have been necessary to set this statute in motion, for the facts bring it within the rule of *Norton* v. *Bassett*, 154 Cal. 411, [129 Am. St. Rep. 162, 97 Pac. 894]. The facts of that case were nearly identical with those in this case. Bassett, Sr., held certain property in trust for Norton. He died, and the property was distributed to his son. An action was begun against the latter without a repudiation by him of the trust. The supreme court held that no repudiation was necessary to set the statute in motion upon the ground that the younger Bassett was not a trustee of a voluntary trust, but of an involuntary trust, and that as a trustee of a trust obligation cast upon him by law, he could plead the four years statute of limitation without having repudiated the trust. The court, in discussing the matter, said: "In the case at bar the trust cast on the defendant Bassett was an involuntary one. The plaintiffs had a right to proceed to enforce their claim to the trust property immediately the title to the trust property vested in the defendant Bassett as an involuntary or constructive trustee; the statute commenced to run from that date, and this action, not having been com-

menced until over five years thereafter, was barred by the provisions of the statute requiring such actions to be commenced within four years from the time the right of action accrues." That case holds that an heir to whom property which his ancestor has held as trustee is distributed takes and holds as an involuntary trustee in whose favor the period of limitation begins to run on the distribution of the property to him, and is, therefore, authority for holding that this action was barred by limitation at the time that it was begun.

In passing it may be said that the allegations of lack of knowledge on the part of plaintiff of the collection of the insurance money are not sufficient to stay the running of the statute, as those allegations do not amount to a charge of undiscovered fraud on the part of Mary Bazzuro.

The judgment is reversed.

Kerrigan, J., and Zook, J., pro tem., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 2, 1918.